NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4102
_____

THOMAS B. DUFFY,
Appellant

v.

HOWARD E. FREED;
THE TOWNSHIP OF GALLOWAY;
THE GALLOWAY TOWNSHIP MUNICIPAL COURT;
CITY OF MARGATE; THE NEW JERSEY ADMINISTRATIVE
OFFICES OF THE COURTS;
VICINAGE 1 OF SUPERIOR COURT;
STATE OF NEW JERSEY;
J. DOES #1 TO #100
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-09-cv-02978)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2011

Before: RENDELL, AMBRO and NYGAARD, Circuit Judges

(Opinion Filed: November 18, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Thomas Duffy, a lawyer, contends that one of the appellees, Howard Freed, a municipal prosecutor, refused to offer him a "standard" plea deal to resolve a speeding ticket as retaliation for two disability discrimination lawsuits Duffy had filed against New Jersey State courts and judges. Duffy then filed an Americans with Disabilities Act complaint with the assignment judge for the Superior Court of New Jersey for Atlantic and Cape May Counties. The assignment judge responded that she did not supervise Freed, that Duffy failed to copy Freed on his complaint, and that she was not the ADA Coordinator for the Atlantic and Cape May County Superior Courts.

Duffy then filed this case against (1) Freed; (2) the City of Margate, New Jersey; (3) the Galloway Township Municipal Court and the Township of Galloway (the municipal defendants); and (4) the New Jersey Administrative Office of the Courts and the State of New Jersey (the State defendants) for unlawful retaliation under the ADA, failure to train employees to deal with ADA complaints, and failure to adopt or follow appropriate procedures for ADA complaints. The District Court granted defendants' motions for judgment on the pleadings and denied Duffy's motions for partial summary judgment and to amend his complaint. Duffy now appeals. For essentially the reasons set forth in the District Court's opinion, we will affirm.

First, the District Court held that prosecutorial immunity bars Duffy's claim against Freed because, although the ADA abrogates sovereign immunity in some respects, it does not abrogate the governmental immunities for claims against government officials in their personal capacities, and because Freed was performing a prosecutorial

2

function when he refused to offer Duffy a plea. We discern no error in the District Court's conclusion, and note that Duffy's case — in which Duffy alleges that Freed communicated his refusal to enter into a plea agreement to Duffy's lawyer — bears no resemblance to the cases he cites involving prosecutors' *assaults* on plaintiffs. Instead, the conduct alleged in Duffy's complaint falls squarely within the bounds of prosecutorial immunity. *See Davis v. Grusemeyer*, 996 F.2d 617, 629 (3d Cir. 1993), *overruled on other grounds by Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998) ("[A] prosecutor's decision whether to dispose of a case by plea . . . is protected by the doctrine of absolute prosecutorial immunity.").

Second, the Court dismissed Duffy's claim against the City of Margate because it could not discern Duffy's theory of liability. We agree that Duffy's theory of liability against Margate was not apparent from his complaint, and that this provided a sufficient basis for the District Court to grant Margate's motion for judgment on the pleadings. Moreover, to the extent that Duffy contends on appeal that Margate is liable either as Freed's employer or for failure to investigate or to implement proper ADA procedures, his claim fails for the additional reasons described below.

Third, the District Court granted the municipal defendants' motion to dismiss Duffy's claims against them to the extent they were predicated on a respondeat superior theory of liability because it determined that the municipal defendants are not responsible for Freed — as a municipal prosecutor, he is an agent of the State, not the township or its

3

courts. Its conclusion in this regard appears to be correct as a matter of New Jersey law.[1]

*See Wright v. State*, 778 A.2d 442, 462 (N.J. 2001) (holding that "the county prosecutors' law enforcement function is clearly a State function" for vicarious-liability purposes).

Fourth, the District Court held that Duffy's claim arising out of the municipal and State defendants' alleged failures to follow internal procedures related to ADA complaints failed on the merits because there is no private right of action to enforce regulations regarding public entities' ADA grievance procedures and, even if there were, Duffy did not allege, and could not allege, any injury arising out of the failure to follow those procedures: he could have filed (and did file) a lawsuit to obtain directly the relief he sought through the grievance procedure. Duffy's arguments on appeal focus mainly on policy; they do not undermine the District Court's conclusions.

Finally, the District Court also denied Duffy's motion for summary judgment and denied Duffy's motion to amend his complaint. Duffy argues on appeal that the District Court improperly denied him an opportunity to amend his complaint, but that is not what happened. After reviewing Duffy's proposed amended complaint, the District Court correctly determined that the proposed amendments would be futile. Duffy's additional argument, that the District Court improperly "ignored" his motion for summary judgment on his request for an injunction against Freed, is meritless. Duffy did not separately

---

[1] Duffy argues on appeal that he should be allowed to pursue this theory against the State defendants. But a review of Duffy's complaint, his brief in opposition to the motion to dismiss, and his proposed amended complaint reveals that Duffy only alleged that the State was responsible for "the discriminatory and retaliatory activities of its administrative sub-units"; he never pleaded or argued in the District Court that the State should be held liable for *Freed*'s actions.

4

move for an injunction, and his brief in support of his motion for summary judgment did not discuss the merits of his request for injunction, let alone establish that he was entitled to such relief as a matter of law.

Accordingly, we will affirm the judgment of the District Court. We also will deny the motion by Freed and the municipal defendants to strike portions of Duffy's reply brief.